Richardson, J.
delivered the opinion of the Court.
The only question presented by this case is, whether the surety, of a party bound in a recognizance to answer for a misdemeanor, has a right to surrender his principal to a deputy *411 sheriff, and, thereby, to discharge himself from all liability as surety.
No precedent for such a right has been offered to the Court; and we know of none. Admitting that such a surrender to the high sheriff would be sufficient, which is, by no means, admitted, yet assuredly a surrender to a mere ministerial sub-affiser is unauthorized. The surrender of the principal, in such a' case, must be to some officer, who may commit the principal to gaol, or admit him to bail; but the deputy sheriff can do neither. He canuot require witnesses to attend, nor the proceedings to be brought before him. He would have no authority, ex officio, to detain the prisoner, and no specific warrant is in his bauds to justify the detention.
A surrender to a justice of the peace may be legal. He has a discretionary power to detain him in order to inquire into the charge; but his sub-officer, the constable, would have no such right. It is unlike the case of bail in civil actions. There the sheriff holds the process in his own hands, and merely receives the defendant, whom he had before committed to the friendly custody of his bail. We perceive no sufficient analogy to justify placing the surety in a recognizance on the footing of bail in civil actions. The practice would be new and dangerous. The motion, therefore, is discharged.
Motion refused.